**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

```
----------------------------------------------------------------x
NISSEN KRAKINOWSKI,                              :
individually and on behalf of the classes defined :
herein,                                          :
                                                 :
                    Plaintiff,                   :
                                                 :          COMPLAINT  – CLASS ACTION
          v.                                     :
                                                 :
SCHWARTZ SLADKUS REICH GREENBERG                 :
ATLAS LLP;                                        :
                                                 :
                    Defendant.                   :
----------------------------------------------------------------x
```

## INTRODUCTION

1.      Plaintiff Nissen Krakinowski  brings this action to secure redress from unlawful

credit and collection practices engaged in by defendant Schwartz Sladkus Reich Greenberg Atlas

LLP ("SSRGA").  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C.

§1692 et seq. ("FDCPA").

2.      The FDCPA broadly prohibits unfair or unconscionable collection methods,

conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in

connection with debt collection attempts. It also requires debt collectors to give debtors certain

information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy."  15 U.S.C. §1692(a).

4.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt

collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v.*

1

*Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5.     The FDCPA encourages consumers to act as "private attorneys general" to enforce

the public policies and protect the civil rights expressed therein.  *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6.     Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7.     This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28  U.S.C. §1331 and 28 U.S.C. §1337.

8.     Venue and personal jurisdiction in this District are proper because is located in the Southern District of New York.

## PARTIES

9.     Plaintiff Nissen Krakinowski is an individual who resides in Brooklyn, New York.

10.     Defendant SSRGA is a law firm organized as a New York limited partnership entity with offices at 270 Madison Avenue, New York, NY 10016.

11.     SSRGA states on its web site (http://www.ssrga.com/practice-areas/) that its "as LLP's Health Care Group provides a broad range of specialized legal services to nursing homes, hospitals, managed care providers, assisted living facilities, home health care providers, and physician practices in the two general areas of ***management of receivables*** and corporate and regulatory matters.     [¶]  Our health care clients range from large integrated provider groups to solo physician practices and include hospitals, nursing homes, assisted living facilities, homecare providers and physicians."  (Emphasis added)

12.     "Management of receivables" means collection of debts owed to nursing homes, hospitals, managed care providers, assisted living facilities, home health care providers, and

physician practices.

13.     The SSRGA web site lists 6 attorneys (of a total of 43) involved in the

"management of receivables," and elaborates  (http://www.ssrga.com/practice-areas/):

> Schwartz Sladkus Reich Greenberg Atlas LLP's Health Care Group includes a practice dedicated to the management and resolution of receivables on behalf of nursing homes, hospitals, assisted living facilities and other health care providers. We combine our knowledge of Medicaid, Medicare, managed care, insurance reimbursement, debtor and creditor, contract, guardianship and estate law to pursue responsible persons, government reimbursement and third party payers to maximize recovery and minimize and eliminate receivables issues for health care providers.
>
> The Heath Care Department has both a litigation and transactional practice dedicated solely to the management, reduction and elimination of health care providers' receivables and receivables issues. . . .

14.     SSRGA uses the mails and telephone system in connection with the "management

of receivables."

15.     SSRGA regularly collects debts incurred for personal, family or household

purposes (health care) and owed to others (nursing homes, hospitals, assisted living facilities and

other health care providers).

16.     SSRGA is a debt collector as defined in the FDCPA.

## FACTS

17.     On or about June 30, 2017, defendant SSRGA sent plaintiff the letter

attached as Exhibit A.

18.     Plaintiff was the father of nursing home patient Shirley Altman, an elderly

individual, now deceased.

19.     Exhibit A seeks to collect a nursing home bill incurred by Shirley Altman.

20.     Shirley Altman was a Medicaid patient during the latter part of her stay, her own

resources being exhausted.

21.     Exhibit A is deliberately ambiguous as to who it seeks payment from and on what

basis:

        a.     The letter is addressed to plaintiff, individually.

3

b.      Its first paragraph states that SSRGA has been retained to "collect on an outstanding bill due for treatments and services rendered to your late daughter, Shirley Altman," as if plaintiff were actually personally liable for medical care for an adult child.

c.      The second paragraph states that plaintiff held himself out as "the responsible party for Shirley Altman with access to her" funds and that "You served as the party responsible for handling the resident's finances and for ensuring payment to our client for the resident's nursing care services."

d.      The third paragraph asks for information about any estate that has been opened.

22.    The letter is unclear as to whether SSRGA:

a.      Claims that plaintiff is personally liable for the medical debt of an adult daughter, which is not true.

b.      Claims that because plaintiff held himself out as "the responsible party for Shirley Altman with access to her" funds he became personally liable for "ensuring payment", which is also not true.  Indeed, federal law prohibits conditioning admission to a nursing home that accepts Medicaid or Medicare funds (for any patient) on providing such a guarantee.  42 U.S.C. §1396r(c)(5)(A)(ii).

c.      Claims that plaintiff did something with funds which should have been used to pay SSRGA's client, other than pay it, in which case there may be liability to some extent.  However, liability would only exist if "the consumer committed any crime or other conduct in order to disgrace the consumer" (15 U.S.C. §1692e(7)), so a suggestion of such conduct cannot simply be included in a collection letter.

4

      d.      Claims that Ms. Altman's estate is liable, which is true.

23.      While SSRGA is expert in this area of the law, an unsophisticated consumer is not.

24.      An unsophisticated consumer is likely to understand the letter, particularly when sent by a substantial law firm, as asserting personal liability to pay when no such liability exists.

25.      On information and belief, defendant SSRGA regularly sends collection letters to relatives of nursing home residents which do not clearly state who is claimed to be responsible or on what basis, for the purposes of inducing payment.

## COUNT I – FDCPA

26.      Plaintiff incorporates paragraphs 1-25.

27.      Defendant violated the FDCPA by sending a collection demand which does not clearly state who is claimed to be responsible or on what basis, for the purposes of inducing payment.

28.      Defendants thereby violated 15 U.S.C. §§1692e, 1692e(2), 1692e(5), 1692e(7), and 1692e(10).

29.      Section 1692e provides:

> **§ 1692e.      False or misleading representations [Section 807 of P.L.]**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**
>
> **(2)      The false representation of--**
>
>       **(A)      the character, amount, or legal status of any debt; . . .**
>
> **(5)      The threat to take any action that cannot legally be taken or that is not intended to be taken. . . .**
>
> **(7) The false representation or implication that the consumer committed any crime or other conduct in order to disgrace the consumer. . . .**

**(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

## CLASS ALLEGATIONS

30.    Plaintiff brings this claim on behalf of a class, consisting of (a) all natural persons (b) to whom defendant sent a letter (c) in an attempt to collect a debt for nursing home care provided to someone other than the person to whom the letter is addressed, or their spouse, (d) which letter was sent during a period beginning one year prior to the filing of this action and ending 21 days after the filing of this action.

31.    On information and belief, based on the size of defendant's "management of receivables" activities, the class exceeds 40 in number, and is so numerous that joinder is impracticable.

32.    There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members.  The predominant common question is whether defendants engaged in a practice of writing to persons who are not legally liable for such debts and suggesting that liability existed.

33.    Plaintiff's claim is typical of the claims of the class members.  All are based on the same factual and legal theories.

34.    Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases.

35.    A class action is superior to other alternative methods of adjudicating this dispute.   Individual cases are not economically feasible.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against defendant for:

       i.    A declaration that defendant's actions violate the FDCPA;

      ii.    Statutory damages;

6

iii.    Any actual damages;

iv.    Attorney's fees, litigation expenses and costs of suit;

v.    Such other and further relief as the Court deems proper.


s/ Tiffany N. Hardy

Tiffany N. Hardy

Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com


s/ Abraham Kleinman
Abraham Kleinman

Abraham Kleinman
KLEINMAN LLC
626 RXR Plaza
Uniondale, NY 11556-0626
(516) 522-2621
(888) 522-1692 (fax)
akleinman@akleinmanllc.com

## **JURY DEMAND**

Plaintiff hereby demands trial by jury.

<u>s/ Tiffany N. Hardy</u>
Tiffany N. Hardy

T:\34207\Pleading\Complaint_Pleading.WPD

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

<u>s/ Tiffany N. Hardy</u>
Tiffany N. Hardy